FILED
2009 Aug-14 AM 08:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FAYE NELL WILLIAMS, )<br>)<br>　　　　Plaintiff　　) <br>) <br>v.　　　　　　　　　　　) <br>) <br>STATE FARM MUTUAL　　) <br>AUTOMOBILE INSURANCE, ) <br>) <br>　　　　Defendant　　) | Case No.  4:08-cv-01037-HGD |

## MEMORANDUM OPINION

The above-entitled civil action is before the court on the Motion for Summary Judgment filed by defendant, State Farm Mutual Automobile Insurance Company (State Farm).  (Doc. #32).  The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c) and LR 73.1.  State Farm seeks summary judgment in its favor with respect to the remaining claim for specific performance for payment of medical payment benefits under the automobile insurance policy issued by State Farm to plaintiff.

Summary judgment pursuant to Rule 56, Fed.R.Civ.P., "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Thus, summary judgment is appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also, Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Plaintiff, Faye Nell Williams, commenced this action by filing a complaint on June 11, 2008. (Doc. #1). She alleged that she was involved in an accident on February 8, 2005, with an uninsured driver. Her complaint asserted in Count I that she had an insurance policy that provided underinsured motorist coverage and medical payment coverage. She claimed breach of contract for State Farm's failure to pay uninsured/underinsured (UM/UIM) motorist benefits under her automobile insurance policy with State Farm. Count II of the original complaint asserted a cause of action for bad faith for delay or denial of payment of uninsured motorist benefits

and medical payments. Count III of the original complaint alleged breach of contract for failure or delay in paying uninsured motorist and medical payment benefits.

On September 8, 2008, plaintiff filed an amended complaint (Doc. #11) in which she asserted causes of action for specific performance of the insurance contract as to medical payment benefits (Count I),[1] bad faith for delay or denial of payment of medical payment benefits (Count II), and breach of contract for failure to pay medical payment benefits (Count III). The amended complaint deleted any claims with regard

---

[1] Count I reads as follows:

> COMES NOW, the Plaintiff, Faye Nell Williams, and files with this Honorable Court the following complaint against the Defendant, State Farm Mutual Automobile Insurance:
>
> 1. The Plaintiff, Faye Nell Williams, is a citizen of Marshall County, Alabama and above the age of nineteen.
> 2. The Defendant, State Farm Mutual Automobile Insurance, is a foreign corporation doing business in the state of Alabama.
> 3. That the Defendant, State Farm Mutual Automobile Insurance, and the Plaintiff had in place on or about February 8, 2005 a contract providing for uninsured/underinsured benefits as well as medical payments.
> 4. That on or about February 8, 2005, in Albertville, Marshall County, Alabama, the Plaintiff, Faye Nell Williams, was injured in an accident while in a vehicle owned by her and insured by policy of insurance by State Farm Insurance. The accident was caused by an uninsured driver.
> 5. That said policy or policies contain medical payment coverage.
>
> WHEREFORE, premises considered, the Plaintiff demands judgment against State Farm Insurance for damages arising through said accident under the medical payment policy inuring to her benefit by State Farm Insurance.

(Doc. #11 at 1-2).

to UM/UIM benefits.  State Farm subsequently filed a Motion for Partial Summary Judgment with respect to Counts II and III of the amended complaint. (Docs. #18 & 21).  The Motion for Partial Summary Judgment was mooted when plaintiff filed and the court granted plaintiff's Motion to Dismiss Counts II and III (Doc. #25).  Counts II and III of plaintiff's amended complaint were dismissed with prejudice. (*See* Doc. #27).

In its Motion for Summary Judgment, State Farm avers that the insurance policy at issue provides maximum medical payment benefits of $5000. (*See* Doc. #32, Ex. A, Insurance Policy, at 1, Declarations Page).  By May 20, 2008, State Farm had paid to plaintiff $4800 in medical payment benefits. (*See* Doc. #32, Ex. B, Correspondence to Plaintiff dated July 29, 2008).  The remaining $200 in medical payment benefits were forwarded to plaintiff on November 13, 2008. (*See* Doc. #32, Ex. C, Final Payment Check to Plaintiff).  Defendant contends it has paid to plaintiff all medical payment benefits due to her under the policy; thus, plaintiff does not have a viable claim for specific performance of the medical payment provisions of the insurance policy.

In response to the Motion for Summary Judgment, plaintiff states she "agrees that the medical pay has been exhausted and that no issues remain regarding medical

pay." (Doc. #37). Therefore, plaintiff does not contest that summary judgment is due to be granted in favor of defendant on the sole remaining claim in this action.

It is undisputed that State Farm has paid to plaintiff the maximum amount of medical payment benefits under the insurance policy at issue, $5000. There is no further contractual obligation on the part of State Farm to plaintiff with respect to the medical payment benefits, inasmuch as State Farm has paid all the medical payment benefits to which plaintiff is entitled under the insurance policy. Accordingly, the court finds that defendant's Motion for Summary Judgment is due to be granted. A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 13th day of August, 2009.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE